XAVIER BECERRA
Attorney General of California
MICHELLE M. MITCHELL
Supervising Deputy Attorney General
State Bar No. 188467
CHAD A. STEGEMAN
Deputy Attorney General
State Bar No. 225745
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 510-3624
 Fax:  (415) 703-5843
 E-mail:  Chad.Stegeman@doj.ca.gov
*Attorneys for Defendant Steve Gordon, in his official capacity*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL OGILVIE, ANDREA CAMPANILE, JAMES BLAIR, PAUL CRAWFORD, and AMRIT KOHLI,<br><br>Plaintiffs,<br><br>v.<br><br>STEVE GORDON, in his Official Capacity as Director of the California Department of Motor Vehicles,<br><br>Defendant. | 4:20-cv-01707-JST<br><br>**DEFENDANT STEVE GORDON'S ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF CIVIL RIGHTS - 42 U.S.C. § 1983**<br><br>Judge:  Jon S. Tigar<br>Action Filed:  March 10, 2020 |

Defendant Steve Gordon, in his official capacity as Director of the California Department of Motor Vehicles ("Defendant"), answers the Complaint for Declaratory and Injunctive Relief Civil Rights - 42 U.S.C. § 1983 Declaratory and Injunctive Relief ("Complaint") in paragraphs that correspond to the numbered paragraphs in the Complaint, as follows:

## INTRODUCTION

1. Defendant admits the allegations in Paragraph 1 of the Complaint that the Environmental License Plate Program allows Californians to request registration numbers that express ideas. Defendant denies that each year the California Department of Motor Vehicles (DMV) generates over $60 million from this program, and otherwise denies the remaining allegations for lack of sufficient information or belief.

2. Defendant denies the allegations in Paragraph 2 of the Complaint.

3. Defendant admits that the referenced decision in *Kotler v. Webb* speaks for itself, that the parties in that case settled all claims on the merits and any and all claims relating to associated attorneys' fee awards and costs, including issuance of the plate (COYW), and that there has been no formal revision to the regulation to date, though one is contemplated and in internal deliberations as a result of that litigation. The allegations otherwise contained in Paragraph 3 of the Complaint constitute conclusions that require no response; to the extent a response may be required, Defendant denies the allegations in Paragraph 3 of the Complaint for lack of sufficient information or belief.

4. Defendant admits the allegations in Paragraph 4 of the Complaint that DMV denied the applications of the five defendants. Defendant otherwise denies the allegations for lack of sufficient information or belief.

## JURISDICTIONAL STATEMENT

5. Defendant admits that Plaintiffs, by this action, seek relief against Defendant in his official capacity for purported violations of the United States Constitution. The remaining allegations contained in Paragraph 5 of the Complaint constitute legal conclusions that require no response; to the extent a response may be required, Defendant denies the allegations.

1

Def.'s Answer to Compl. (4:20-cv-01707-JST)

## JURISDICTION

6. The allegations contained in Paragraph 6 of the Complaint constitute legal conclusions that require no response; to the extent a response may be required, Defendant admits that this Court has jurisdiction to hear this action.

## VENUE

7. The allegations contained in Paragraph 7 of the Complaint constitute legal conclusions that require no response; to the extent a response may be required, Defendant denies the allegations in Paragraph 7 of the Complaint for lack of sufficient information or belief.

## INTRADISTRICT ASSIGNMENT

8. The allegations contained in Paragraph 8 of the Complaint constitute legal conclusions that require no response; to the extent a response may be required, Defendant denies the allegations in Paragraph 8 of the Complaint for lack of sufficient information or belief.

## PARTIES

*Plaintiffs*

9. Defendant denies the allegations in Paragraph 9 of the Complaint for lack of sufficient information or belief.

10. Defendant denies the allegations in Paragraph 10 of the Complaint for lack of sufficient information or belief.

11. Defendant denies the allegations in Paragraph 11 of the Complaint for lack of sufficient information or belief.

12. Defendant denies the allegations in Paragraph 12 of the Complaint for lack of sufficient information or belief.

13. Defendant denies the allegations in Paragraph 13 of the Complaint for lack of sufficient information or belief.

*Defendant*

14. Defendant admits that at the time the Complaint was filed Steve Gordon was the Director of DMV. Defendant construes the reference to "the personalized license plate program" in Paragraph 14 to mean DMV's Environmental License Plate Program, and admits that DMV is

2

Def.'s Answer to Compl. (4:20-cv-01707-JST)

charged with administering the Environmental License Plate Program. Defendant admits that Plaintiffs sued Steve Gordon in his official capacity. The remaining allegations contained in Paragraph 14 of the Complaint constitute legal conclusions that require no response; to the extent a response may be required, Defendant denies the allegations.

## FACTUAL ALLEGATIONS

### PLAINTIFFS' FREE SPEECH INTERESTS

15. Defendant denies the allegations in Paragraph 15 of the Complaint for lack of sufficient information or belief.

16. Defendant admits the allegations in Paragraph 16 of the Complaint.

17. Defendant construes the reference to "a personalized plate" in Paragraph 17 to mean a license plate created under DMV's Environmental License Plate Program, and admits the allegations in Paragraph 17.

18. Defendant construes the reference to "a personalized license plate" in Paragraph 18 to mean a license plate created under DMV's Environmental License Plate Program, and admits the allegations in Paragraph 17 that configurations include BOBS MA, LBRT4AL, PHA INC, DAD WGN, and LTL DUCK. Defendant denies the remaining allegations in Paragraph 18 of the Complaint for lack of sufficient information or belief.

### CALIFORNIA REGULATIONS ON PERSONALIZED LICENSE PLATES

19. Defendant admits that the California Vehicle Code provides for the Environmental License Plate Program. Defendant admits that as set forth in California Vehicle Code section 5103, "environmental license plates" means "license plates or permanent trailer identification plates that have displayed upon them the registration number assigned to the passenger vehicle, commercial motor vehicle, motorcycle, trailer, or semitrailer for which a registration number was issued in a combination of letters or numbers, or both, requested by the owner or lessee of the vehicle." Defendant admits that the California Vehicle Code also provides for programs through which license plates with specialized designs may be issued. Defendant admits that license plates with specialized designs may have a sequentially assigned registration number, or a registration

3

Def.'s Answer to Compl. (4:20-cv-01707-JST)

1  number requested by the owner or lessee of the vehicle.  Defendant denies the remaining
2  allegations in Paragraph 19 of the Complaint.

3        20.  Defendant admits the allegations in Paragraph 20 of the Complaint.

4        21.  Defendant admits that as set forth in California Vehicle Code section 5102, license
5  plates issued pursuant to the environmental license plate program have "the same color and
6  design as regular passenger vehicle, commercial vehicle, motorcycle, or trailer license plates, and
7  shall consist of any combination of numbers or letters, not exceeding seven positions and not less
8  than two positions, if there are no conflicts with existing passenger, commercial, trailer,
9  motorcycle, or special license plates series or with Section 4851" of the California Vehicle Code.
10 Defendant denies the remaining allegations in Paragraph 21 of the Complaint.

11       22.  Defendant admits that as set forth in California Vehicle Code section 5106,
12 applicants to the environmental license plate program must pay a fee "for issuance of
13 environmental license plates," "in addition to the regular registration fee."  Defendant admits that
14 as set forth in California Vehicle Code section 5100, fees paid for the issuance of environmental
15 license plates "provide revenue for the California Environmental License Plate Fund."  Defendant
16 denies the remaining allegations in Paragraph 22 of the Complaint.

17       23.  Defendant admits that as set forth in California Vehicle Code section 5106,
18 applicants to the environmental license plate program must pay a fee "for issuance of
19 environmental license plates," "in addition to the regular registration fee."  The remaining
20 allegations contained in Paragraph 23 of the Complaint constitute statements of law for which no
21 answer is required; to the extent an answer is required, Defendant admits that the cited code
22 section speaks for itself, and denies any remaining allegations.

23       24.  The allegations contained in Paragraph 24 of the Complaint constitute statements
24 of law for which no answer is required; to the extent an answer is required, Defendant admits that
25 the cited code sections speak for themselves, and denies any remaining allegations.

26       25.  The allegations contained in Paragraph 25 of the Complaint constitute statements
27 of law for which no answer is required; to the extent an answer is required, Defendant admits that
28 the cited code section speaks for itself, and denies any remaining allegations.

4

Def.'s Answer to Compl. (4:20-cv-01707-JST)

26.  The allegations contained in Paragraph 26 of the Complaint constitute statements of law for which no answer is required; to the extent an answer is required, Defendant admits that the cited code section speaks for itself, and denies any remaining allegations.

27.  The allegations contained in Paragraph 27 of the Complaint constitute statements of law for which no answer is required; to the extent an answer is required, Defendant admits that the cited code section speaks for itself, and denies any remaining allegations.

28.  The allegations contained in Paragraph 28 of the Complaint constitute statements of law for which no answer is required; to the extent an answer is required, Defendant admits that the cited code section speaks for itself, and denies any remaining allegations.

## THE DEPARTMENT DENIES PLAINTIFFS' REQUESTS FOR PERSONALIZED LICENSE PLATES

*Paul Ogilvie*

29.  Defendant denies the allegations in Paragraph 29 of the Complaint for lack of sufficient information or belief.

30.  Defendant denies the allegations in Paragraph 30 of the Complaint for lack of sufficient information or belief.

31.  Defendant denies the allegations in Paragraph 31 of the Complaint for lack of sufficient information or belief.

32.  Defendant admits the allegations in Paragraph 32 of the Complaint that it rejected the application, and admits that the denial letter speaks for itself.  Defendant denies any remaining allegations.

*James Blair*

33.  Defendant denies the allegations in Paragraph 33 of the Complaint for lack of sufficient information or belief.

34.  Defendant denies the allegations in Paragraph 34 of the Complaint for lack of sufficient information or belief.

35.  Defendant admits the allegations in Paragraph 35 of the Complaint that it rejected the application, and admits that the denial letter speaks for itself.  Defendant denies any remaining

5

Def.'s Answer to Compl. (4:20-cv-01707-JST)

allegations.

*Amrit Kohli*

36. Defendant denies the allegations in Paragraph 36 of the Complaint for lack of sufficient information or belief.

37. Defendant admits the allegations in Paragraph 37 of the Complaint that it rejected the Mr. Kohli's application with the configuration "QUEER," and admits that the denial letter speaks for itself. Defendant denies any remaining allegations.

*Andrea Campanile*

38. Defendant denies the allegations in Paragraph 38 of the Complaint for lack of sufficient information or belief.

39. Defendant denies the allegations in Paragraph 39 of the Complaint for lack of sufficient information or belief.

40. Defendant admits the allegations in Paragraph 40 of the Complaint that Ms. Campanile applied for a configuration of "DUK N A," but denies the remaining allegations for lack of sufficient information or belief.

41. Defendant admits the allegations in Paragraph 41 of the Complaint that it rejected the application, and admits that the denial letter speaks for itself. Defendant denies any remaining allegations.

*Paul Crawford*

42. Defendant denies the allegations in Paragraph 42 of the Complaint for lack of sufficient information or belief.

43. Defendant admits the allegations in Paragraph 43 of the Complaint that Mr. Crawford applied for a configuration of "BO11LUX," but denies the remaining allegations for lack of sufficient information or belief.

44. Defendant admits the allegations in Paragraph 44 of the Complaint that it rejected the application, and admits that the denial letter speaks for itself. Defendant denies any remaining allegations.

6

Def.'s Answer to Compl. (4:20-cv-01707-JST)

# CLAIM FOR RELIEF

## CLAIM I
### CAL. CODE REGS. TIT. 13, § 206.00(c)(7)(D)
### VIOLATES THE FIRST AMENDMENT ON ITS FACE

45. Defendant incorporates its answers to Paragraphs 1 through 44 in response to Paragraph 45 of the Complaint.

46. Defendant admits the allegations contained in Paragraph 46 of the Complaint that the referenced decision speaks for itself, Defendant otherwise denies the remaining allegations.

47. Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50. Defendant admits that in evaluating applications for the environmental license plate program as set forth in section 206(c)(7)(D) of title 13 of the California Code of Regulations, DMV considers various sources of information about the meaning of a requested vehicle registration number, including the subjective meaning supplied by the applicant. Defendant denies the remaining allegations in Paragraph 50 of the Complaint.

51. Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52. Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53. Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54. Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55. Defendant denies the allegations contained in Paragraph 55 of the Complaint.

## REQUESTED RELIEF

Answering Plaintiffs' Requested Relief immediately following Paragraph 55 of the Complaint, Defendant denies that Plaintiffs are entitled to the relief set forth in any of the four separately enumerated paragraphs therein, or to any relief whatsoever.

## **AFFIRMATIVE DEFENSES**

In addition, without admitting any allegations contained in the Complaint, Defendant asserts the following separate and affirmative defenses based on information and belief:

7

Def.'s Answer to Compl. (4:20-cv-01707-JST)

**FIRST AFFIRMATIVE DEFENSE**

The Complaint, and the claims for relief alleged therein, fails to state facts sufficient to constitute a cause of action.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' claims in this action are barred in that Plaintiffs do not have standing to bring them.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claims concern government speech, which is not subject to First Amendment protections.  While Defendant acknowledges the Court ruled Plaintiffs' claims concern private speech and not government speech, Defendant does not waive this defense on appeal.

**FOURTH AFFIRMATIVE DEFENSE**

All or part of Plaintiffs' claims are barred by the statute of limitations applicable to actions under 42 U.S.C. section 1983.

**FIFTH AFFIRMATIVE DEFENSE**

The Complaint fails to present a case or controversy that is ripe for this Court's consideration.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the doctrines of estoppel and waiver.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendant has not knowingly or intentionally waived any applicable defense or affirmative defense.  Defendant reserves the right to assert and rely upon other such defenses as may become available or apparent during discovery proceedings or as may be raised or asserted by others in this case, and to amend the Answer, defenses, and/or affirmative defenses accordingly.  Defendant further reserves the right to amend the Answer to delete defenses and/or affirmative defenses that he determines are not applicable after subsequent discovery.

**DEFENDANT'S PRAYER FOR RELIEF**

WHEREFORE, Defendant prays that:

1. Plaintiffs take nothing by the Complaint and garner no relief in this case;

8

Def.'s Answer to Compl. (4:20-cv-01707-JST)

2. Judgment be entered in favor of Defendant;

3. The Court order that Plaintiffs compensate Defendant for the reasonable costs that Defendant expends in defending this case; and

4. The Court grant such other and further relief, in favor of Defendant and adverse to Plaintiffs, that the Court deems just and proper.

Dated: July 22, 2020                                          Respectfully Submitted,

XAVIER BECERRA
Attorney General of California
MICHELLE M. MITCHELL
Supervising Deputy Attorney General

/s/ *Chad A. Stegeman*
CHAD A. STEGEMAN
Deputy Attorney General
*Attorneys for Steve Gordon, in his official capacity*

9

Def.'s Answer to Compl. (4:20-cv-01707-JST)

# CERTIFICATE OF SERVICE

| | |
|---|---|
| Case Name: **Ogilvie, Paul, et al. v. Steve Gordon** | Case No. **4:20-cv-01707-JST** |

I hereby certify that on <u>July 22, 2020</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

- **DEFENDANT STEVE GORDON'S ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF CIVIL RIGHTS - 42 U.S.C. § 1983**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>July 22, 2020</u>, at San Francisco, California.

| | |
|---|---|
| M. Mendiola | *M. Mendiola* |
| Declarant | Signature |

SA2020101541
42278330.docx