# Exhibit 9

P. MSJ / Correa Depo. Exh. 4: Rog Responses

Court: N.D. Cal.  Case No. 4:20-cv-01707 JST

Pacific Legal Foundation
930 G Street
Sacramento, CA 95814 – 916.419.7111

1    XAVIER BECERRA
     Attorney General of California
2    MICHELLE M. MITCHELL
     Supervising Deputy Attorney General
3    CHAD A. STEGEMAN
     Deputy Attorney General
4    State Bar No. 225745
       455 Golden Gate Avenue, Suite 11000
5      San Francisco, CA  94102-7004
       Telephone:  (415) 510-3624
6      Fax:  (415) 703-5843
       E-mail:  Chad.Stegeman@doj.ca.gov
7    *Attorneys for Defendant Steve Gordon, in his official
     capacity*

8

9                    IN THE UNITED STATES DISTRICT COURT

10                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12
     **PAUL OGILVIE, ANDREA CAMPANILE,**          4:20-cv-01707-JST
13   **JAMES BLAIR, PAUL CRAWFORD, and**
     **AMRIT KOHLI,**                             **DEFENDANT STEVE GORDON'S**
14                                                **RESPONSES TO INTERROGATORIES**
                                      Plaintiffs,
15
                  v.                              Judge:        Jon S. Tigar
16
                                                 Action Filed:  March 10, 2020
17   **STEVE GORDON, in his Official Capacity**
     **as Director of the California Department of**
18   **Motor Vehicles,**

19                                   Defendant.

20

21   PROPOUNDING PARTY:   Plaintiffs Paul Ogilvie, et al.

22
     RESPONDING PARTY:    Defendant Steve Gordon, in his official capacity as Director of the
23                        Department of Motor Vehicles

24   SET NO.:             ONE

25

26
                                                    ┌─────────────────────────────┐
27                                                  │         **EXHIBIT**          │
                                                    │            4                │
28                                                  │ DEPONENT NAME:      DATE:    │
                                                    │ A. Correa          8/11/20  │
                                                    └─────────────────────────────┘
                                        1

**PRELIMINARY STATEMENT**

Defendant Steve Gordon, in his official capacity as Director of the California Department of Motor Vehicles (DMV), has not yet fully completed the investigation of the facts relating to this case and has not yet fully completed discovery in this action.  All of the responses contained herein are based solely upon information and documents that are presently available to, and specifically known by, DMV and disclose only those contentions that presently occur to DMV.  It is anticipated that further discovery, independent investigation, legal research, and analysis will supply additional facts and lead to additions, changes, and variations from the answers herein.

The following responses are given without prejudice to the right to produce evidence or witnesses that DMV may later discover.  DMV accordingly reserves the right to change any and all responses herein as additional facts are ascertained, witnesses are identified and legal research is completed.  The responses contained herein are made in good faith in an attempt to supply as much factual information and as much specification of legal contention as is presently known and should in no way prejudice DMV in relation to further discovery and proceedings.

**INTERROGATORY NO. 1**

Identify all individuals consulted in preparation of answers to these interrogatories, and indicate the interrogatory or interrogatories for which each person was consulted.

**RESPONSE TO INTERROGATORY NO. 1**

Defendant objects to the extent the interrogatory seeks information protected by the attorney-client privilege and the attorney work product doctrine, and/or the deliberative process privilege.  Without waiving any objections, Defendant responds that the following individuals were consulted in conjunction with the responses in *Kotler v. Gordon*, E.D. Cal. Case No. 2:19-cv-2682 GW-SK, or in conjunction with these responses:

- Michael Rand, Staff Attorney

- Karen Aguilar, Manager (now retired), Operations Support & Special Program Processing (OSSP)

- Christian Milhoan, Manager, OSSP

2

- William Gutierrez, Manager, OSSP

- Fariba Shahmirzadi, Manager, OSSP

- Audra Rutz, Manager, OSSP

- Friecyana Tjokrosoeharto, Manager, Registration Automation Development

- Aleisha Correa, Manager of Vehicle Registration Customer & Program Support

- Zachary Murphy, Motor Vehicle Technician Customer Service Resolution Unit

- Carmen Moreno, Motor Vehicle Technician Customer Service Resolution Unit

- Melissa Guerard, Associate Government Program Analyst

- Phuong Wan, Manager of Registration Automation Development

- Lien Chew, Manager of Reconciliation and Financial Reporting Unit

- Agnes Holmes (now retired), Program Manager, Customer Service & Operations Support.

Each person above is or was an employee of the California Department of Motor Vehicles and may be reached through Defendant's counsel.

Discovery is ongoing and Defendant reserves the right to amend or supplement this response.

**INTERROGATORY NO. 2**

Identify each document referred to or examined in preparation of the answers to these interrogatories, including identifying the interrogatory for which each document was referred to or examined.

**RESPONSE TO INTERROGATORY NO. 2**

Defendant objects to the extent the interrogatory seeks information protected by the attorney-client privilege and the attorney work product doctrine, and/or the deliberative process privilege. Defendant objects that the interrogatory is overbroad, unduly burdensome, would require DMV to incur undue costs, and seeks third-parties' protected, private personally-identifying information. Without waiving any objections, Defendant responds as follows: Defendant identifies documents labeled DMV 000001-000054, as well as the additional

3

1  documents that Defendant has identified and produced in response to the *Kotler* Plaintiff's

2  Request for Production of Documents.

3       Discovery is ongoing and Defendant reserves the right to amend or supplement this

4  response.

5  **INTERROGATORY NO. 3**

6       Identify each person you intend to have offer testimony in this case, and describe the

7  substance of each person's anticipated testimony.

8  **RESPONSE TO INTERROGATORY NO. 3**

9       Defendant objects to the extent the interrogatory seeks information protected by the

10  attorney-client privilege and the attorney work product doctrine, and/or the deliberative process

11  privilege.  Defendant refers Plaintiff to Defendant's initial disclosures, which Defendant will

12  supplement if and as required by the Federal Rules of Civil Procedure.

13       Discovery is ongoing and Defendant reserves the right to amend or supplement this

14  response.

15  **INTERROGATORY NO. 4**

16       Identify each governmental interest you contend is advanced by Cal. Code Regs. tit. 13, §

17  206.00(c)(7)(D).

18  **RESPONSE TO INTERROGATORY NO. 4**

19       Defendant objects to the extent the interrogatory seeks information protected by the

20  attorney-client privilege and the attorney work product doctrine, and/or the deliberative process

21  privilege.  Without waiving any objections, Defendant responds as follows:  Cal. Code Regs. tit.

22  13, § 206.00(c)(7)(D) advances the interests set forth and embodied in California Vehicle Code

23  section 5105, including preventing the duplication of registration numbers and the preventing

24  issuance of any combination of letters or numbers, or both, that may carry connotations offensive

25  to good taste and decency or which would be misleading or a duplication of license plates

26  provided for in Article 8 (commencing with Section 5000) of Chapter 1 of Division 3.  Through

27  the above, Cal. Code Regs. tit. 13, § 206.00(c)(7)(D) and its subparts also advance public safety

28  and prevent the appearance that the State of California or California Department of Motor

4

Vehicles endorses or condones any message that may carry connotations offensive to good taste and decency or which would be misleading.

Discovery is ongoing and Defendant reserves the right to amend or supplement this response.

**INTERROGATORY NO. 5**

For each governmental interest identified in your response to the preceding Interrogatory, explain how Cal. Code Regs. tit. 13, § 206.00(c)(7)(D) is designed to further that interest.

**RESPONSE TO INTERROGATORY NO. 5**

Defendant objects to the extent the interrogatory seeks information protected by the attorney-client privilege and the attorney work product doctrine, and/or the deliberative process privilege. Without waiving any objections, Defendant responds as follows: Cal. Code Regs. tit. 13, § 206.00(c)(7)(D) and its subparts prevent the issuance of license plate configurations that may cause the harms described above.

Discovery is ongoing and Defendant reserves the right to amend or supplement this response.

**INTERROGATORY NO. 6**

Identify all evidence and supporting documents (including, but not limited to, legislative evidence, scientific studies, investigations, interviews, or testimony) that support the assertion that Cal. Code Regs. tit. 13, § 206.00(c)(7)(D) advances the interests you identified in your response to Interrogatory 4.

**RESPONSE TO INTERROGATORY NO. 6**

Defendant objects to the extent the interrogatory seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or the deliberative process privilege. Without waiving any objections, Defendant responds as follows: Defendant refers Plaintiffs to documents produced in response to the *Kotler* Plaintiff's Request for Production of Documents No. 4.

Discovery is ongoing and Defendant reserves the right to amend or supplement this response.

5

1  **INTERROGATORY NO. 7**

2          For each governmental interest identified in your response to Interrogatory 4, explain how

3  a ban on a personalized license plate configuration of "COYW" furthers that interest.

4  **RESPONSE TO INTERROGATORY NO. 7**

5          Defendant objects to this interrogatory as it is not relevant to the current litigation.

6  Subject to and without waiving the foregoing objection, Defendant states:  The acronym of

7  "COYW" means "Come On You Whites, which may carry connotations offensive to good taste

8  and decency or which could be misleading.  DMV's denial of the "COYW" license plate

9  configuration prevents issuance of a combination of letters that may carry connotations offensive

10  to good taste and decency or which would be misleading and thereby advances public safety and

11  prevents the appearance that the State of California or California Department of Motor Vehicles

12  endorses or condones any message that may carry connotations offensive to good taste and

13  decency or which would be misleading.

14          Defendant also refers Plaintiffs to documents produced in response to the *Kotler*

15  Plaintiff's Request for Production of Documents No. 5.

16  **INTERROGATORY NO. 8**

17          Identify all evidence and supporting documentation (including, but not limited to, legislative

18  evidence, scientific studies, investigations, interviews, or testimony) that support the assertion

19  that a ban on a personalized license plate configuration of "COYW" furthers that the interests you

20  identified in your response to Interrogatory 4.

21  **RESPONSE TO INTERROGATORY NO. 8**

22          Defendant objects to the extent the interrogatory seeks information protected by the

23  attorney-client privilege and the attorney work product doctrine, and/or the deliberative process

24  privilege.  Defendant also objects to this interrogatory as it is not relevant to the current litigation.

25  Subject to and without waiving the foregoing objection, Defendant states: Defendant refers

26  Plaintiffs to documents produced in response to the *Kotler* Plaintiff's Request for Production of

27  Documents No. 6.

28

1   **INTERROGATORY NO. 9**

2        Describe the process by which you determine whether proposed personalized license plate

3   configurations should be rejected under Cal. Code Regs. tit. 13, § 206.00(c)(7)(D), and identify

4   all supporting documents, including, but not limited to, guidelines, training materials, internal

5   memoranda, and communications.

6   **RESPONSE TO INTERROGATORY NO. 9**

7        Defendant objects to the extent the interrogatory seeks information protected by the

8   attorney-client privilege, the attorney work product doctrine, and/or the deliberative process

9   privilege. Without waiving any objections, Defendant responds as follows.

10        Personalized license plate requests are received by the department as either physical

11   applications submitted in person, by mail, or as electronic applications through the department's

12   online ordering system. Physical applications are initially reviewed by the processing technician

13   receiving the application. The application may be denied and returned to the customer without

14   being processed if the configuration is already in use, blatantly offensive, mimics a sequential

15   configuration, or is substituting a letter for a number or number for a letter creating a

16   configuration of similar appearance to an existing license plate. If the technician determines that

17   a configuration may be in conflict with ELP guidelines, the application may be forwarded to

18   headquarters for review with an explanation of their concerns prior to the application being

19   processed. All processed ELP applications are automatically bundled into daily orders, which

20   average around 800 applications per day. This process generates an ELP order list displaying all

21   of the applications. In addition, individual California Environmental Protection Program

22   Applicant Notifications (REG 272) are generated for each application on the order and forwarded

23   to the ELP review team. The REG 272 only displays the requested license plate configuration

24   and customer name and address.

25        The daily ELP orders are reviewed in the order they are received. When an order is ready

26   to review, the ELP review team divides up the order and distributes the REG 272's to individual

27   reviewers. The reviewer then looks over each REG 272 in their portion of the order to determine

28   if it is unacceptable according to the California Code of Regulations (CCR), Title 13, section

7

206.00(c)(7). For purposes of this review process, DMV has reduced this CCR section down to a list of reasons justifying denial. DMV provides that written list of reasons to each reviewer. Each reason on the list is also accompanied by a unique alphanumeric/numeric "reason code" that corresponds with the reason for denial. The reason codes have varied over time, but DMV last updated those codes in April 2019.

For each REG 272, the reviewer assesses the configuration as a whole to determine the perceived meaning of the license plate. If the configuration appears acceptable under section 206.00(c)(7) the application is approved. If the configuration appears unacceptable under section 206.00(c)(7) the application is denied. If the configuration represents an unfamiliar slang term, foreign word, or acronym, or may be otherwise offensive, additional research is performed. This research includes, but is not limited to: the customer's meaning provided on the ELP application; online resources such as Urban Dictionary, Google, or Google Translate to identify the meanings of unknown words or phrases; and, if necessary, foreign language speakers.

The reviewers evaluate their findings and determine if the configuration may carry connotations offensive to good taste and decency. If the evaluation is inconclusive, the configuration and findings are provided to the other members of the review team and discussed.

If an ELP application is denied during this initial review process, the customer is issued a refund and sent a letter indicating the reason for the denial. If the customer believes that this denial was in error, they may write a letter to the department further explaining the meaning of the license plate configuration. When a secondary review letter is received, it is assigned a tracking number and subsequently distributed to a manager for review. The manager reviews the letter and researches the configuration further using the same resources described above in addition to possible consultation with other managers or staff.

After a thorough review is completed, the manager creates a file and makes a recommendation to approve or deny the requested configuration. The file and recommendation, customer letter, and research are reviewed by the section manager and program manager for a final determination. If the configuration is approved, a letter is sent to the customer with instructions on how complete the process and have the license plate process expedited. If the

8

1  configuration is denied, a letter is sent providing a more detailed explanation of why the license

2  plate configuration was denied.

3       Defendant also refers Plaintiffs to documents produced in response to the *Kotler*

4  Plaintiff's Request for Production of Documents Nos. 7 and 8.

5       Discovery is ongoing and Defendant reserves the right to amend or supplement this

6  response.

7  **INTERROGATORY NO. 10**

8       Identify all evidence and documents, including but not limited to, internet sources, news

9  articles, and internal memoranda, that guide you in your determination of whether to reject

10  proposed personalized license plate configurations under Cal.

11  Code Regs. tit. 13, § 206.00(c)(7)(D).

12  **RESPONSE TO INTERROGATORY NO. 10**

13       Defendant objects to the extent the interrogatory seeks information protected by the

14  attorney-client privilege, the attorney work product doctrine, and/or the deliberative process

15  privilege.  Without waiving any objections, Defendant responds as follows: Defendant refers

16  Plaintiffs to his response to Interrogatory No. 9, above, and documents produced in response to

17  the *Kotler* Plaintiff's Request for Production of Documents Nos. 7 and 8.

18       Discovery is ongoing and Defendant reserves the right to amend or supplement this

19  response.

20  **INTERROGATORY NO. 11**

21       Identify all evidence and supporting documents, including, but not limited to, internet

22  sources, news articles, and internal memoranda, on which you relied  to reject Plaintiffs' proposed

23  personalized configuration of "COYW."

24  **RESPONSE TO INTERROGATORY NO. 11**

25       Defendant objects to the extent the interrogatory seeks information protected by the

26  attorney-client privilege, the attorney work product doctrine, and/or the deliberative process

27  privilege.  Defendant also objects to this interrogatory as it is not relevant to the current litigation.

28  Subject to and without waiving the foregoing objection, Defendant states:  Defendant refers

9

1   Plaintiffs to his response to documents produced in response to the *Kotler* Plaintiff's Request for

2   Production of Documents No. 9.

3   **INTERROGATORY NO. 12**

4          Identify all applications for personalized license plate configurations since

5   October 1, 2016, including the proposed configuration and the meaning of each configuration

6   as provided by the applicant.

7   **RESPONSE TO INTERROGATORY NO. 12**

8          Defendant objects that the interrogatory is overbroad, unduly burdensome, would require

9   DMV to incur undue costs, and seeks third-parties' protected, private personally-identifying

10  information.  DMV has received over 770,000 such applications and each contains the applicant's

11  confidential personally identifying information that would need to be individually redacted.  The

12  parties have met and conferred and agreed that this interrogatory would be limited to applications

13  submitted to DMV online only.  In light of that agreement, and without waiving any objections,

14  Defendant responds as follows:  Defendant refers Plaintiffs to documents produced in response to

15  the *Kotler* Plaintiff's Request for Production of Documents No. 10.

16  **INTERROGATORY NO. 13**

17         For each application identified in the preceding interrogatory, state whether each

18  application was approved or rejected, and provide the reason each proposed personalized

19  license plate configuration was approved or rejected.

20  **RESPONSE TO INTERROGATORY NO. 13**

21         Defendant objects that the interrogatory is overbroad, unduly burdensome, would require

22  DMV to incur undue costs, and seeks third-parties' protected, private personally-identifying

23  information.  DMV has received over 770,000 such applications and each contains the applicant's

24  confidential personally identifying information that would need to be individually redacted.  The

25  parties have met and conferred and agreed that this interrogatory would be limited to applications

26  submitted to DMV online only.  In light of that agreement, and without waiving any objections,

27  Defendant responds as follows:  Defendant refers Plaintiffs to documents produced in response to

28  the *Kotler* Plaintiff's Request for Production of Documents No. 10.

1    **INTERROGATORY NO. 14**

2        Identify each personalized license plate configuration that the California Department of

3    Motor Vehicles has cancelled or revoked since January 1, 2014, and provide the reason each

4    license plate configuration was cancelled or revoked.

5    **RESPONSE TO INTERROGATORY NO. 14**

6        Defendant refers Plaintiffs to the document produced in response to the *Kotler* Plaintiff's

7    Request for Production of Documents No. 11.

8    **INTERROGATORY NO. 15**

9        For the preceding interrogatory, identify any penalties, including traffic tickets and fines,

10    either contemplated or assessed to a motorist for operating a vehicle with a cancelled or revoked

11    personalized license plate configuration, and identify all supporting documents, including, but not

12    limited to, communications and reports.

13    **RESPONSE TO INTERROGATORY NO. 15**

14        Following a reasonable investigation, Defendant lacks the information necessary to

15    respond to this interrogatory.

16    **INTERROGATORY NO. 16**

17        Identify each and every current license plate configuration, regardless of whether the

18    configuration is standard or personalized, that includes "RED," "BLUE," "BLU," "WHITE,"

19    "WHT," "BLACK," "BLK," "COYW," "YLW," "BRWN," or "PRPL."

20    **RESPONSE TO INTERROGATORY NO. 16**

21        Defendant refers Plaintiffs to the information in the native excel spreadsheet produced

22    herewith, entitled "DMV 000001."

23    **INTERROGATORY NO. 17**

24        Identify the number of applications for personalized license plates since January 1, 2014,

25    including the number of applications for personalized license plates that were approved and the

26    number of applications for personalized license plates that were denied in each calendar year.

27

28

**RESPONSE TO INTERROGATORY NO. 17**

Defendant responds as follows.

In 2014, DMV processed 93,427 personalized license plate applications, of which 82,988 were approved and 10,439 were denied.

In 2015, DMV processed 149,725 personalized license plate applications, of which 136,155 were approved and 13,570 were denied.

In 2016, DMV processed 262,728 personalized license plate applications, of which 237,240 were approved and 25,488 were denied.

In 2017, DMV processed 259,497 personalized license plate applications, of which 233,742 were approved and 25,755 were denied.

In 2018, DMV processed 249,120 personalized license plate applications, of which 218,796 were approved and 30,324 were denied.

In 2019, DMV processed 233,791 personalized license plate applications, of which 205,231 were approved and 28,560 were denied.

Between January and May of 2020, DMV processed 61,587 personalized license plate applications, of which 52,046 were approved, 6,755 were denied, and 2,786 were pending review.

Discovery is ongoing and Defendant reserves the right to amend or supplement this response.

**INTERROGATORY NO. 18**

Identify the amount of funds generated under the Environmental License Plate Program for each year since 2014, including the programs and agencies that received those funds in each calendar year.

**RESPONSE TO INTERROGATORY NO. 18**

The following amounts were generated by California special interest license plates in each fiscal year between 2014 and 2020 (May 31, 2020).

12

1    Fiscal Year 2014/2015

2    Total amount generated: $49,276,104.83.

3    Breakdown of amounts by fund, recipient agency/program, and amount:

4

5

| Fund | Recipient Agencies/Programs | Amount |
|------|------------------------------|--------|
| Environmental License Plate Fund (Fund 0140) | Secretary for Natural Resources | $39,950,606.96 |
| Breast Cancer Control Account, Breast Cancer Fund (0009) | Department of Health Care Services | $0.00 |
| Yosemite Fund (0071) | Environmental Protection Program | $756,372.88 |
| Collegiate Fund (0072) | Governing body of the participating public universities and colleges | $35,845.36 |
| Graphic Design (Arts Council) Fund (0078) | CA Arts Council | $1,972,140.83 |
| Veterans Fund (0083) | Department of Veterans Affairs | $1,108,221.18 |
| Lake Tahoe Cons. Fund (0286) | CA Tahoe Conservancy | $1,069,919.55 |
| CA Coastal Comm Fund (0371) | CA Coastal Commission | $1,545,378.64 |
| Firefighters Fund (0979) | State Controllers' Office/Franchise Tax Board/California Fire Foundation | $690,600.12 |
| Specialized License Plate Fund (3139) | Department of Food & Agriculture | $279,061.66 |
| Specialized License Plate Fund (3139) | Veterinary Medical Board | $294,329.16 |
| CA Cultural & Historical Endowment Fund (8058) | Secretary for Natural Resources | $0.00 |
| Motor Vehicle Account-Administrative Service Fee | Department of Motor Vehicles | $1,573,628.49 |

13

Fiscal Year 2015/2016

Total amount generated: $57,342,502.05.

Breakdown of amounts by fund, recipient agency/program, and amount:

| Fund | Recipient Agencies/Programs | Amount |
|---|---|---|
| Environmental License Plate Fund (Fund 0140) | Secretary for Natural Resources | $43,867,837.80 |
| Breast Cancer Control Account, Breast Cancer Fund (0009) | Department of Health Care Services | $0.00 |
| Yosemite Fund (0071) | Environmental Protection Program | $733,977.28 |
| Collegiate Fund (0072) | Governing body of the participating public universities and colleges | $33,407.11 |
| Graphic Design (Arts Council) Fund (0078) | CA Arts Council | $1,867,931.97 |
| Veterans Fund (0083) | Department of Veterans Affairs | $1,120,989.65 |
| Lake Tahoe Cons. Fund (0286) | CA Tahoe Conservancy | $1,034,066.64 |
| CA Coastal Comm Fund (0371) | CA Coastal Commission | $1,491,054.40 |
| Firefighters Fund (0979) | State Controllers' Office/Franchise Tax Board/California Fire Foundation | $679,545.75 |
| Specialized License Plate Fund (3139) | Department of Food & Agriculture | $272,480.05 |
| Specialized License Plate Fund (3139) | Veterinary Medical Board | $309,977.41 |
| CA Cultural & Historical Endowment Fund (8058) | Secretary for Natural Resources | $0.00 |
| Motor Vehicle Account-Administrative Service Fee | Department of Motor Vehicles | $5,931,233.99 |

14

Fiscal Year 2016/2017

Total amount generated: $67,565,994.20.

Breakdown of amounts by fund, recipient agency/program, and amount:

| Fund | Recipient Agencies/Programs | Amount |
|---|---|---|
| Environmental License Plate Fund (Fund 0140) | Secretary for Natural Resources | $51,576,195.12 |
| Breast Cancer Control Account, Breast Cancer Fund (0009) | Department of Health Care Services | $0.00 |
| Yosemite Fund (0071) | Environmental Protection Program | $709,915.37 |
| Collegiate Fund (0072) | Governing body of the participating public universities and colleges | $32,141.73 |
| Graphic Design (Arts Council) Fund (0078) | CA Arts Council | $1,774,213.54 |
| Veterans Fund (0083) | Department of Veterans Affairs | $1,096,826.10 |
| Lake Tahoe Cons. Fund (0286) | CA Tahoe Conservancy | $993,723.38 |
| CA Coastal Comm Fund (0371) | CA Coastal Commission | $1,425,934.50 |
| Firefighters Fund (0979) | State Controllers' Office/Franchise Tax Board/California Fire Foundation | $667,003.17 |
| Specialized License Plate Fund (3139) | Department of Food & Agriculture | $271,179.32 |
| Specialized License Plate Fund (3139) | Veterinary Medical Board | $313,297.85 |
| CA Cultural & Historical Endowment Fund (8058) | Secretary for Natural Resources | $61,197.56 |
| Motor Vehicle Account-Administrative Service Fee | Department of Motor Vehicles | $8,644,366.56 |

15

1

Fiscal Year 2017/2018

2

Total amount generated: $74,724,746.75.

3

Breakdown of amounts by fund, recipient agency/program, and amount:

4

5

| Fund | Recipient Agencies/Programs | Amount |
|---|---|---|
| Environmental License Plate Fund (Fund 0140) | Secretary for Natural Resources | $59,291,769.44 |
| Breast Cancer Control Account, Breast Cancer Fund (0009) | Department of Health Care Services | $0.00 |
| Yosemite Fund (0071) | Environmental Protection Program | $674,930.41 |
| Collegiate Fund (0072) | Governing body of the participating public universities and colleges | $31,497.79 |
| Graphic Design (Arts Council) Fund (0078) | CA Arts Council | $1,668,000.17 |
| Veterans Fund (0083) | Department of Veterans Affairs | $1,091,906.96 |
| Lake Tahoe Cons. Fund (0286) | CA Tahoe Conservancy | $948,372.53 |
| CA Coastal Comm Fund (0371) | CA Coastal Commission | $1,354,123.62 |
| Firefighters Fund (0979) | State Controllers' Office/Franchise Tax Board/California Fire Foundation | $646,118.22 |
| Specialized License Plate Fund (3139) | Department of Food & Agriculture | $267,883.74 |
| Specialized License Plate Fund (3139) | Veterinary Medical Board | $304,449.37 |
| CA Cultural & Historical Endowment Fund (8058) | Secretary for Natural Resources | $360,608.54 |
| Motor Vehicle Account-Administrative Service Fee | Department of Motor Vehicles | $8,085,085.96 |

16

1  Fiscal Year 2018/2019

2  Total amount generated: $77,576,881.21.

3  Breakdown of amounts by fund, recipient agency/program, and amount:

4

5

| Fund | Recipient Agencies/Programs | Amount |
|------|------------------------------|--------|
| Environmental License Plate Fund (Fund 0140) | Secretary for Natural Resources | $63,019,666.68 |
| Breast Cancer Control Account, Breast Cancer Fund (0009) | Department of Health Care Services | $153,929.85 |
| Yosemite Fund (0071) | Environmental Protection Program | $639,314.94 |
| Collegiate Fund (0072) | Governing body of the participating public universities and colleges | $28,359.14 |
| Graphic Design (Arts Council) Fund (0078) | CA Arts Council | $1,567,313.20 |
| Veterans Fund (0083) | Department of Veterans Affairs | $1,051,452.46 |
| Lake Tahoe Cons. Fund (0286) | CA Tahoe Conservancy | $904,710.16 |
| CA Coastal Comm Fund (0371) | CA Coastal Commission | $1,293,591.20 |
| Firefighters Fund (0979) | State Controllers' Office/Franchise Tax Board/California Fire Foundation | $627,029.04 |
| Specialized License Plate Fund (3139) | Department of Food & Agriculture | $252,601.10 |
| Specialized License Plate Fund (3139) | Veterinary Medical Board | $284,014.44 |
| CA Cultural & Historical Endowment Fund (Snoopy Plates) (8058) | Secretary for Natural Resources | $385,260.99 |
| Motor Vehicle Account-Administrative Service Fee | Department of Motor Vehicles | $7,369,638.01 |

1 Fiscal Year 2019/2020 (through May 31, 2020)

2 Total amount generated: $69,890,962.47.

3 Breakdown of amounts by fund, recipient agency/program, and amount:

4

| Fund | Recipient Agencies/Programs | Amount |
|---|---|---|
| Environmental License Plate Fund (Fund 0140) | Secretary for Natural Resources | $58,045,723.63 |
| Breast Cancer Control Account, Breast Cancer Fund (0009) | Department of Health Care Services | $191,602.74 |
| Yosemite Fund (0071) | Environmental Protection Program | $550,799.91 |
| Collegiate Fund (0072) | Governing body of the participating public universities and colleges | $24,231.81 |
| Graphic Design (Arts Council) Fund (0078) | CA Arts Council | $1,331,474.93 |
| Veterans Fund (0083) | Department of Veterans Affairs | $908.862.38 |
| Lake Tahoe Cons. Fund (0286) | CA Tahoe Conservancy | $776,183.85 |
| CA Coastal Comm Fund (0371) | CA Coastal Commission | $1,100,349.77 |
| Firefighters Fund (0979) | State Controllers' Office/Franchise Tax Board/California Fire Foundation | $542,457.28 |
| Specialized License Plate Fund (3139) | Department of Food & Agriculture | $228,122.01 |
| Specialized License Plate Fund (3139) | Veterinary Medical Board | $239,796.74 |
| CA Cultural & Historical Endowment Fund (Snoopy Plates) (8058) | Secretary for Natural Resources | $361,321.47 |
| Motor Vehicle Account-Administrative Service Fee | Department of Motor Vehicles | $5,590,035.95 |

22 **INTERROGATORY NO. 19**

23   Identify all facts and documents that support your contention that "the State would have

24 no choice but to discontinue the [Environmental License Plate] program," ECF No. 19, at 17:4-

25 5, if it could not enforce Cal. Code Regs. tit. 13, § 206.00(c)(7)(D).

26 **RESPONSE TO INTERROGATORY NO. 19**

27   If DMV could no longer enforce Cal. Code Regs. tit. 13, § 206.00(c)(7)(D), the State

28 may have to discontinue the Environmental License Plate program in order to prevent the

issuance of offensive license plates, protect the integrity of DMV and the State, and protect the other interests identified above in response to Interrogatory No. 4.

Dated:  July 16, 2020

XAVIER BECERRA
Attorney General of California
MICHELLE M. MITCHELL
Supervising Deputy Attorney General


/s/ *Chad A. Stegeman*
CHAD A. STEGEMAN
Deputy Attorney General
*Attorneys for Steve Gordon, in his official capacity*

19

1

## VERIFICATION OF INTERROGATORY ANSWERS

2       I, Aleisha Correa, am employed by the State of California Department of Motor Vehicles

3  as a Manager in Operations Support & Special Program Processing.  I believe, based on

4  reasonable inquiry, that the foregoing answers are true and correct to the best of my knowledge,

5  information and belief.

6       I declare under penalty of perjury under the laws of the United States of America that the

7  foregoing is true and correct.

8       Executed on July 9, 2020, at Sacramento, California.

9

10                       _____

11                       Aleisha Correa

12

13  SA2020101541
Ogilvie Responses to Interrogatories.docx

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF SERVICE BY E-MAIL

Case Name: ***Ogilvie, Paul, et al. v. Steve Gordon***
Case No.: **4:20-cv-01707-JST**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.

On <u>July 16, 2020</u>, I served the attached

- **DEFENDANT STEVE GORDON'S RESPONSES TO INTERROGATORIES**

by transmitting a true copy via electronic mail, addressed as follows:

**Wencong Fa**
**Pacific Legal Foundation**
***Attorneys for Plaintiff's Paul Ogilvie, et al.***
**Email: WFa@pacificlegal.org**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on July 16, 2020, at San Francisco, California.

|  |  |
|---|---|
| M. Mendiola | *M. Mendiola* |
| Declarant | Signature |

SA2020101541
42270361.docx